EMILY JOHNSON HENN (SBN 269482)
KATHRYN E. CAHOY (SBN 298777)
MEGAN L. RODGERS (SBN 310344)
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, California 94306-2112
Telephone: (650) 632-4700
Facsimile: (650) 632-4800
Email: ehenn@cov.com
Email: kcahoy@cov.com
Email: mrodgers@cov.com

*Counsel for Defendant Apple Inc.*

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAUREN NORMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Civil Case No.:<br><br>**DEFENDANT APPLE INC.'S NOTICE OF REMOVAL**<br><br>(Removal from the Superior Court of California for the County of Los Angeles, Case No. 25STCV23239) |

    Defendant Apple Inc. ("Apple") hereby removes to this Court the action entitled *Norman v. Apple Inc.*, Case No. 25STCV23239, from the Superior Court of the State of California for the County of Los Angeles. As set forth below, the Court has jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified in relevant part at 28 U.S.C. § 1332(d).

    In support of removal, Apple states as follows:

## I. NATURE OF REMOVED ACTION

1. On July 8, 2025, Plaintiff Lauren Norman ("Plaintiff") filed a putative class action complaint in the Superior Court of the State of California for the County of Los Angeles, captioned *Norman v. Apple Inc.*, Case No. 25STCV23239.

2. Plaintiff contends that Apple "launched a pervasive marketing campaign" "spotlighting what it branded as the groundbreaking 'Apple Intelligence' suite of features" "to promote its latest iPhone 16 model," Ex. 8 ("Compl.") ¶ 1, but that "these products [were not] equipped with specific 'Apple Intelligence' features," *id.* ¶ 7. On behalf of a putative class consisting of "[a]ll current citizens of California who, within four years prior to the filing of this action, purchased any Apple device advertised as having Apple Intelligence, including the Apple iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Plus, and other Apple devices[,]" *id.* ¶ 68, Plaintiff seeks to represent a class of "tens of thousands of [iPhone] purchasers," *id.* ¶ 71, and asserts claims under the California Unfair Competition Law ("UCL"), Cal, Bus. & Prof. Code §§ 17200, *et seq.*, the California False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, *et seq.*, the California Consumer Legal Remedies Act ("CLRA"), Cal, Bus. & Prof. Code §§ 1750, *et seq.*, and the common law.

3. Plaintiff seeks remedies on behalf of the putative class for "monetary compensation in the form of damages, restitution and/or disgorgement"; "punitive damages, statutory penalties, and/or monetary fines"; "attorneys' fees and costs"; and "pre-judgment and post-judgment interest." Compl. at Prayer for Relief. Plaintiff also seeks injunctive relief, specifically requesting the "removal or modification of the Challenged Representations"; "disclosure of the Product's [sic] prior false advertising and removal or modification of the Challenged Representations"; "modification of the Products so that they live up to the Challenged Representations"; "discontinuance of the Products' manufacture, marketing, and/or sale," *id.* ¶ 26, as well as "requir[ing] Defendant to engage in an affirmative advertising campaign to dispel the public misperception of the Products resulting from Defendant's unlawful conduct," *id.* at Prayer for Relief.

4. This is a copycat putative class action that trails by nearly five months a case filed in the Northern District of California: *Landsheft v. Apple Inc.*, Case No. 5:25-cv-03517-NW (N.D. Cal.). *Landsheft* has since been consolidated with six other putative class actions: *Hopkins v. Apple Inc.*, Case No. 25-cv-02914-NW; *Martin, et al. v. Apple Inc.*, Case No. 25-cv-03205-NW; *Varbanovski v. Apple Inc.*, Case No. 25-cv-03517-NW; *Accardi, et al. v. Apple Inc.*, Case No. 25-cv-04160-VKD; *Robinson v. Apple Inc.*, Case No. 5:25-cv-04776-VKD; and *Feldt v. Apple Inc.*, Case No. 5:25-cv-04785-NC. The allegations and claims set forth in this case are nearly identical to *Landsheft* and, if the classes in *Landsheft* were certified, Plaintiff Lauren Norman would be a member of either the putative nationwide class or the putative California subclass.

5. This is Plaintiff's Counsel's third attempt to defeat federal jurisdiction by trying to plead around minimal diversity. On May 29, 2025, Plaintiff's Counsel filed a nearly identical complaint to the present Complaint, *Salas v. Apple Inc.*, Case No. 25STCV15685, in the Superior Court of the State of California for the County of Los Angeles. *See* Ex. 1. On June 17, 2025, Apple removed the *Salas* case under CAFA, 28 U.S.C.§ 1332(d), to the United States District Court for the Central District of California, Case No. 2:25-cv-05509-MWF-SCC. *See* Ex. 2. On June 24, 2025, Salas voluntarily dismissed his complaint pursuant to Federal Rule of Civil Procedure 41(a)(1). *See* Ex. 3.

6. Two weeks later, on July 8, 2025, Plaintiff's Counsel filed another nearly identical complaint, *Albertto v. Apple Inc.,* Case No. 25STCV20217, in the Superior Court of the State of California for the County of Los Angeles. *See* Ex. 4. The only two differences between the *Salas* complaint and the *Albertto* Complaint were: (1) the named plaintiff and (2) the definition of the class as current and former California "citizens" as opposed to "residents." *See, e.g.*, Ex. 5 ¶¶ 27, 39, 68. On July 22, Apple removed the *Albertto* case under CAFA, 28 U.S.C. § 1332(d), to the United States District Court for the Central District of California, Case No. 2:25-cv-06701-SB-AS. *See* Ex. 6. On July 29, 2025, Albertto voluntarily dismissed his complaint pursuant to Federal Rule of Civil Procedure 41(a)(1). *See* Ex. 7.

7. One week later, on August 6, 2025, Plaintiff's Counsel filed this third, nearly identical complaint. *See* Ex. 8. The only differences between the *Albertto* complaint and the present Complaint are: (1) the named plaintiff and (2) modest revisions purporting to limit the class definition to only "current" California citizens. *See* Ex. 9 ¶¶ 8-9, 21 n.16, 26-28, 37, 39, 45, 68, 147.

## II. PARTIES

8. Plaintiff Lauren Norman is a citizen of Los Angeles County, California. Compl. ¶ 27.

9. Apple is a California corporation with its principal place of business in California. *Id.* ¶ 36.

## III. BASIS OF REMOVAL

10. This Court has jurisdiction over this action under CAFA, 28 U.S.C. § 1332(d), because this case is (1) a proposed class action within the meaning of CAFA, in which (2) "any member of a class of plaintiffs is a citizen of a State different from any defendant," (3) the "number of members of all proposed plaintiff classes in the aggregate is [not] less than 100," and (4) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs."[1] *See* 28 U.S.C. § 1332(d)(2), (d)(5)(B), (d)(6).

### A. This Case Is a "Class Action" under CAFA.

11. CAFA defines a "class action" to include "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute . . . authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Congress has instructed that "the definition of 'class action' is to be interpreted liberally[,]" such that "lawsuits that resemble a purported class action should be considered class actions for the purpose of applying these provisions." S. Rep. No. 109-

---

[1] The recitation of the allegations and requests for relief below is not a concession that Plaintiff's allegations or legal theories have merit. To the contrary, Apple expressly reserves the right to assert all applicable defenses in this matter and denies that Plaintiff (and/or the putative class) is in fact entitled to any relief.

14, at 35 (2005), as reprinted in 2005 U.S.C.C.A.N. 3, 34; *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court.").

12. This case qualifies as a class action removable under Section 1332(d)(1)(B). Plaintiff's Complaint, which is styled as a "Class Action Complaint," states that she brings this action on behalf of herself and the following Class: "[a]ll current citizens of California who, within four years prior to the filing of this action, purchased any Apple device advertised as having Apple Intelligence, including the Apple iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Plus, and other Apple devices[.]" Compl. ¶ 68.

### B. CAFA's Minimal Diversity Requirement is Satisfied.

13. CAFA's minimal diversity requirement is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

14. The Complaint contends that both Plaintiff and Apple are citizens of California. Compl. ¶¶ 27, 36. Plaintiff purports to bring this action individually and on behalf of a class of "current citizens of California" who bought certain iPhone models over a four-year class period, *id.* ¶ 68, and asserts claims under California's UCL, FAL, CLRA, and common law, *id.* ¶¶ 81-185. The interests of this purported class are already being adjudicated in federal court. *See* Consolidated Compl. ¶ 496, *Landsheft v. Apple Inc.*, Case No. 5:25-cv-03517-NW (Dkt. No. 39). Plaintiff's purported class is fully subsumed in both the nationwide class and the alternative California subclass proposed in the *Landsheft* action: "All residents of the United States who purchased an iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, and iPhone 16 Pro Max, for purposes other than resale" or, in the alternative, "All residents of California who purchased an iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, and iPhone 16 Pro Max[.]" *Id*.

15. Under CAFA, a district court may look beyond the complaint and use evidence of an earlier filed action in federal court to find federal jurisdiction. As one court

in this District has held, "where there is actually no difference between this action and the existing claims that are being pursued in" federal court, "this is exactly the type of case that CAFA envisioned as removable." *Sanders v. Kia Am., Inc.*, 2023 WL 3974966, at *6 (C.D. Cal. June 13, 2023). Accordingly, the court in *Sanders* found that "reaching beyond the pleadings" "for the purposes of satisfying minimal diversity" was "appropriate" given that an identical suit was brought as a class action in federal court. *Id.* at *5; *see also Coleman v. Estes Exp. Lines, Inc.*, 631 F.3d 1010, 1017 (9th Cir. 2011) ("Fact-finding is 'necessitated by the existing jurisdictional statutes' on the question[] of citizenship."); *Nelson v. BIC USA, Inc.*, 2008 WL 906049, at *4 (S.D. Cal. Apr. 1, 2018) ("The court looks beyond the four corners of the Complaint for purposes of satisfying itself a proper foundation exists for the exercise of removal jurisdiction."); *see also* Wright & Miller § 3641 ("[F]ederal courts do have some inherent authority to look beyond the pleadings to protect a litigant's right to remove a case to a federal forum based on diversity jurisdiction.").

16. The *Sanders* court adopted the reasoning of another court in *Simon v. Marriott Int'l, Inc.*, 2019 WL 4573415 (D. Md. Sept. 20, 2019). In that case, the court held that while "[i]t is not disputed that the class the Simons seek to represent does not support minimal diversity jurisdiction if only the allegations within the four corners of the Complaint are considered[,]" "both CAFA and MDL considerations warrant looking beyond the pleadings" because the claims were wholly included in an existing class action in federal court. *Id.* at *2, *4. Federal jurisdiction had "already attached to two CAFA class actions" pending in federal court, and because plaintiffs' claims were "wholly included" within those lawsuits, plaintiffs were "attempting to represent class members already before the court." *Id.* The court held that this "defeats the purpose of CAFA by forcing litigation of the same claims, in both state and federal court," and plaintiffs could not manipulate the minimal diversity requirement of CAFA to "divest[] this court of jurisdiction it already has acquired." *Id.* at *4.

17. The same is true here. The Court should look beyond the four corners of the Complaint and consider that the interests of Plaintiff and the putative *Norman* class are already being adjudicated in *Landsheft*. *See Simon*, 2019 WL 4573415, at *2, 4; *Sanders*, 2023 WL 3974966, at *6. There is no dispute that federal jurisdiction already exists over the *Landsheft* action, including because Apple is diverse from at least one member of the putative nationwide and alternative state subclasses in *Landsheft*. Because Apple is diverse from at least one member of that putative class, which "wholly includes" Plaintiff Norman's claims here, CAFA's minimal diversity requirement is satisfied. *See Mondragon v. Capital One Auto Finance*, 736 F.3d 880, 884 (9th Cir. 2013) ("CAFA . . . replace[d] the typical requirement of complete diversity with one of only minimal diversity"); *Ehrman v. Cox Comms. Inc*, 932 F.3d 1223, 1227 (9th Cir. 2019) ("a defendant's allegations of citizenship may be based solely on information and belief" and "a short and plain statement alleging that [plaintiff] and the putative class members [are not] citizens of California" is sufficient to satisfy the minimal diversity requirement); *see also Dart Cherokee*, 574 U.S. at 87 ("courts should apply the same liberal rules to removal allegations as to other matters of pleading" (cleaned up)).

**C. CAFA's Numerosity Requirement is Satisfied.**

18. Plaintiff contends that the proposed class contains "at minimum, tens of thousands of purchasers, dispersed throughout the State of California." Compl. ¶ 71. Therefore, based on the face of the Complaint, the number of putative class members exceeds CAFA's 100-member requirement. *See* 28 U.S.C. § 1332(d)(5)(B).

**D. CAFA's Amount-in-Controversy Requirement is Satisfied.**

19. CAFA jurisdiction requires that "the matter in controversy [must] exceed[] the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy" meets the $5,000,000 threshold. *Id.* § 1332(d)(6).

20. A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," not an evidentiary submission. *Dart Cherokee*, 574 U.S. at 89; *accord Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1196 (9th Cir. 2015). In measuring the amount in controversy, the relevant inquiry is "what amount is put in controversy by the plaintiff's complaint or other papers, not what the defendant will actually owe for the actual number of violations that occurred, if any." *Ray v. Wells Fargo Bank, N.A.*, 2011 WL 1790123, at *5 (C.D. Cal. May 9, 2011) (citation and internal quotations omitted).

21. Here, Plaintiff seeks to recover "monetary compensation in the form of damages, restitution and/or disgorgement"; "punitive damages, statutory penalties, and/or monetary fines"; "attorneys' fees and costs"; and "pre-judgment and post-judgment interest." Compl. at Prayer for Relief.

22. Plaintiff contends that "damages include[e], but [are] not limited to, the amounts paid for the Products[.]" Compl. ¶ 92. The price of the iPhone models at issue in this case starts at $599.[2] Plaintiff contends that the Class includes, "at minimum, tens of thousands of purchasers[.]" *Id.* ¶ 71.

23. Apple does not concede that it is liable to Plaintiff or the putative class in any amount, or at all, nor does Apple concede that the price of the challenged products is a proper measure of damages. Nevertheless, given the extent of the relief that Plaintiff seeks, the size of the putative class, and the base cost of the products relevant to the putative class, the alleged amount in controversy plainly exceeds $5 million, exclusive of interest and costs. Thus, CAFA's amount-in-controversy requirement is satisfied. *See Dart Cherokee*, 574 U.S. at 89.

---

[2] *See* https://www.apple.com/shop/buy-iphone.

### E. All of CAFA's Requirements Are Satisfied and Policy Reasons Further Support Removal.

24. For the foregoing reasons, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), and this action is removable pursuant to 28 U.S.C. §§ 1441, 1453.

25. The policy reasons for finding federal jurisdiction under CAFA further support removal of this case. *See Tanoh v. Dow Chemical Co.*, 561 F.3d 945, 952 (9th Cir. 2009) ("CAFA was designed primarily to curb perceived abuses of the class action device which, in the view of CAFA's proponents, had often been used to litigate multi-state or even national class actions in state courts."); *Adams v. W. Marine Prods., Inc.*, 958 F.3d 1216, 1223 (9th Cir. 2020) ("[T]he goal of CAFA . . . [is] to keep interstate actions in federal court and truly intrastate actions in the state courts."); *Kendrick v. Conduent State & Local Solutions, Inc.*, 910 F.3d 1255, 1261 (9th Cir. 2018) ("The history, language, and purpose of CAFA reflects it is to provide a federal forum for national issues, but keep smaller and more local issues in state court.").

26. Nothing about this Complaint suggests that it is an inherently local dispute that should be in state court. To the contrary, the allegations and claims in Plaintiff's Complaint are virtually identical to the claims already being adjudicated on behalf of a putative nationwide class, including the California sub-class Plaintiff seeks to represent here, in federal court. Plaintiff's Complaint is no more than "an attempt to skirt federal jurisdiction and CAFA's efficiency goals," by "trying to divest th[e] court of jurisdiction over class members whose claims properly are before it." *Simon*, 2019 WL 4573415, at *2.

27. Moreover, it is well-settled law in the Ninth Circuit that a plaintiff may not amend his or her complaint "after a case has been removed to federal court[] to change the definition of the class so as to eliminate minimal diversity and thereby divest the federal court of jurisdiction." *Broadway Grill Inc. v. Visa Inc.*, 856 F.3d 1274, 1275 (9th Cir. 2017). This lawsuit is the *second* impermissible attempt by Plaintiff's Counsel to amend

the class definition alleged in the identical *Salas* and *Albertto* complaints that were validly removed to federal court. As noted above, there are only two differences between this Complaint and the *Salas* and *Albertto* complaints: (1) the named plaintiff and (2) modest tweaks throughout purporting to limit the class to only current California citizens. *See* Compl. ¶¶ 8-9, 21 n. 16, 26-28, 37, 39, 45, 68, 147. Refiling a substantially identical complaint attempting to divest the federal court of jurisdiction is no different than amending the originally filed complaint to achieve the same objective. *Broadway Grill Inc.*, 856 F.3d at 1279 ("CAFA was intended to prevent[] an amendment changing the nature of the class to divest the federal court of jurisdiction."). Indeed, the court in *Simon* found the exact same conduct to constitute "evidence . . . that the Simons' complaint was designed to manipulate federal jurisdiction," where plaintiffs' counsel voluntarily dismissed a similar lawsuit the day after it was removed to federal court, then filed suit on behalf of new plaintiffs in the same state court, "revising slightly the class definition . . . in a transparent effort to avoid federal jurisdiction." *Simon*, 2019 WL 4573415, at *4. Such jurisdictional manipulation is improper. This action should be removed pursuant to CAFA.

## IV.   ALL PROCEDURAL REQUIREMENTS ARE SATISFIED.

### A.   Timeliness of Removal

28.   Apple was served with the Complaint on August 13, 2025.

29.   In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within 30 days of service of Plaintiff's Complaint. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-56 (1999) (30-day removal period begins to run upon service of summons and complaint).

### B.   Propriety of Venue

30.   Venue is proper in this District under 28 U.S.C. § 1441(a) because the state court where the suit has been pending is in this District.

1. **Intradistrict Assignment**

31. Removal to the Western Division of the Central District of California is proper because it is the division within which the state action is pending.

C. **State Court Process, Pleadings, and Orders**

32. A true and correct copy of the state court docket sheet is attached hereto as Exhibit 10. In accordance with 28 U.S.C. § 1446(a), true and correct copies of the complaint and all other process, pleadings, and orders served on Apple in this case are attached hereto as Exhibit 11.

D. **Notice to State Court and Plaintiff**

33. Counsel for Apple certifies that pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of Los Angeles, and served on Plaintiff promptly.

34. If any question arises as to propriety of removal to this Court, Apple requests the opportunity to present a brief and oral argument in support of its position that this case has been properly removed.

35. Apple reserves the right to amend or supplement this Notice.

WHEREFORE, the case now pending in the Superior Court of the State of California, County of Los Angeles, Case No. 25STCV23239, is hereby removed to the United States District Court for the Central District of California.

| | | |
|---|---|---|
| 1 | DATED: August 29, 2025 | By: */s/ Megan L. Rodgers* |
| 2 | | |
| 3 | | EMILY JOHNSON HENN (SBN 269482)<br>KATHRYN E. CAHOY (SBN 298777) |
| 4 | | MEGAN L. RODGERS (SBN 310344)<br>COVINGTON & BURLING LLP |
| 5 | | 3000 El Camino Real |
| 6 | | 5 Palo Alto Square, 10th Floor<br>Palo Alto, California 94306-2112 |
| 7 | | Telephone: (650) 632-4700 |
| 8 | | Facsimile: (650) 632-4800<br>Email: ehenn@cov.com |
| 9 | | Email: kcahoy@cov.com |
| 10 | | Email: mrodgers@cov.com |
| 11 | | *Counsel for Defendant Apple Inc.* |

# CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all counsel of record. Service was also made via email upon the following:

Valter Malkhasyan
Erik Pogosyan
MALK & POGO LAW GROUP, LLP
1241 S Glendale Ave, Ste. 204
Glendale, CA 91205
Tel: (818) 484-5204
Fax: (818) 824-5144
valter@malkpogolaw.com
erik@malkpogolaw.com

*Counsel for Plaintiff Lauren Norman and the Proposed Class*

          */s/ Megan L. Rodgers*
          *Counsel for Defendant Apple Inc.*